### SMITH v. LOCKWOOD AND WOOD.

In an action in which an injunction is prayed for, all persons interested in the subject-matter in suit must be made parties, except where the persons interested are so numerous that it would be impossible, or productive of great inconvenience, to make them all parties, in which case one of the persons interested may sue on behalf of himself and all others equally interested with him; but a plaintiff suing thus must distinctly state, in his complaint, that he sues as well on behalf of himself as on behalf of all others equally interested with him.

IN this case the complaint was filed by the plaintiff, in his own name, alone, and solely for his behoof, to obtain a perpetual injunction to restrain the performance of a contract between the defendant, Lockwood, as agent of the State prison at Sing Sing, and the defendant, Wood, for the manufacture of saws by convict labor. It was averred that the chief supply of saws for the consumption of this State was not imported from other countries or states, and the plaintiff was a journeyman sawmaker, and, as such, would be injured by the contract in question. An order was granted to show cause why a preliminary injunction should not issue against both the agent of the prison and the contractor. On the motion affidavits were read on both sides on the question whether the chief supply of this State was of domestic or foreign fabric.

*Edmonds, J. :* The chief difficulty I had on the argument was as to the right of the plaintiff to bring this suit, and I regret that on that point I have had so little assistance from the argument, for it has compelled me to go into a full examination of the question, and thus delayed its determination.

The plaintiff no where in his complaint alleges that he has

Smith v. Lockwood and Wood.

any individual and separate interest in the subject, but only an interest in common with all others in this State who are engaged in the manufacture of saws; and here two questions are raised: 1. Has the whole class of those engaged in that manufacture a right to maintain a suit for a violation of the statute? and, 2. Has any member of that class a right to bring a suit in his own name, and for his own behalf, alone, or must he sue in behalf of all others having a common interest with him?

I do not here consider the first question, because I regard the second as decisive of this motion.

It is the general rule in that class of suits where an injunction is prayed for, that all persons interested in the subject-matter of the controversy must be made parties, for the reason that otherwise the rights of persons who have no opportunity of being heard may be passed upon in their absence, and a multitude of suits might be necessary before the question could be finally determined. There is, however, a well established exception to this rule, and that is where the parties are so numerous that it would be impossible to bring them all in, or, if brought in, to prevent the suits being continually abated by death or a change of interest. In such a case it has been allowed, in order to remedy an inconvenience which might in some instances amount to an insuperable obstacle, for one of the parties in interest to commence a suit in behalf of himself and all others equally interested with him, and this must be distinctly stated in the outset, because those others might acquire an interest in and control over the suit, of which it would not be in his power to deprive them. But the exception has never extended so far as to allow only one of several having a common interest to sue, without making the others parties. If it were otherwise, numerous suits might be necessary, in none of which could the whole question involved be disposed of any further than as it affected some particular one of the many, who had an equal right to sue. The case before me is an apt illustration of the rule and its operation.

If this plaintiff, having only an interest in common with

all others pursuing the same calling, can maintain his suit alone, and for his own benefit only, then every one of those others can do so, and the defendants be subject to suits brought by every person in the State engaged, like the plaintiff, in the manufacture of saws, and the decision of any one of these numerous suits would necessarily put an end to or dispose of the question involved alike in all of them.

This would overwhelm both courts and suitors with unnecessary litigation.

To avoid these inconveniences on both sides, the practice has been adopted and rigidly adhered to, of allowing one to bring his action without making the others parties, provided, however, he would bring it in behalf of himself and the others.

If, however, the party, has an interest in the subject peculiar to himself, and not enjoyed in common with others, he may maintain a suit in his own name, and for his own benefit.

These rules are well established, of great practical utility, and cannot safely be departed from, and they are decisive of this motion.

The plaintiff does not set up any interest separate and peculiar to himself, but only an interest which he enjoys in common with all others engaged in the same branch of mechanical labor. Yet he does not make those others parties to the suit, nor does he bring his suit in their behalf as well as his own. This he cannot do. He cannot, in the form in which he has brought his suit, maintain it, and, as a matter of course, have the injunction prayed for.

I therefore deny the motion for an injunction, solely upon this ground, and without intending to express any opinion upon the other questions involved.

[The principle of this case was sustained on demurrer. 13 Barb. 209.